UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
STEPHANIE BLUET,

                        Plaintiff,

         - against -

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-6323 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Stephanie Bluet filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After Plaintiff filed a motion for judgment on the pleadings, the case was remanded to the SSA, where Plaintiff was awarded roughly $105,159 in past-due benefits. Plaintiff's counsel, Alan L. Bushlow, now moves for $10,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Mr. Bushlow's motion is GRANTED.

## BACKGROUND

Plaintiff filed this action on November 8, 2019. (Dkt. 1.) After Plaintiff drafted and filed a motion for judgment on the pleadings, the parties stipulated to a remand, and this Court awarded Plaintiff $4,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (09/11/2020 Docket Order.) On February 22, 2021, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive approximately $105,159 in past-due benefits, with 25% ($26,289.75) withheld as possible fees for her attorney. (Dkt. 16-1.[1]) Mr. Bushlow has

---

[1] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $26,289.75. (Dkt. 16-1.)

1

obtained $5,150 for work performed before the agency and, by motion filed on June 15, 2021, now seeks $10,000 for work performed before this Court. (Dkt. 14-1 ¶ 5.)

In filing the present motion, Mr. Bushlow did not attach the Notice of Award letter, as is customary, but relied on an earlier, November 20, 2020 letter that the SSA had sent to Plaintiff, copying counsel, which informed Plaintiff that she was "due back money," but did not mention past-due benefits or attorney's fees. (*Id.* at ECF 8–12.[2]) The SSA filed a response to Mr. Bushlow's motion, attaching the February 22, 2021 Notice of Award. (Dkts. 16, 16-1.) The SSA noted that the 14-day filing period of Federal Rule of Civil Procedure 54(d)(2)(B) applies to 406(b) motions for attorney's fees, and that the present motion was not filed until 113 days after the February 22, 2021 Notice of Award letter. (Dkt. 16.) Mr. Bushlow submitted a reply, explaining that, despite repeated inquiries to the SSA—which Mr. Bushlow substantiated by supplying multiple time entries—neither he nor Plaintiff had received the Notice of Award letter until the SSA filed it in this case, and that he filed the present motion based on the November 20, 2020 letter, out of an abundance of caution, to avoid filing untimely. (Dkt. 17.)

Along with Mr. Bushlow's motion, he submitted a fee agreement, demonstrating that Ms. Bluet retained Mr. Bushlow on a 25% contingency-fee basis, and itemized time records, indicating that he spent a total of 20 hours litigating this matter before this Court. (Dkt. 14-1 at ECF 5–7.) $10,000 for 20 hours of work would be an effective hourly rate of $500 per hour.

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

## DISCUSSION

**I.      Timeliness**

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5.[3]

Here, despite the Notice of Award letter being dated February 22, 2021, and stating that a copy was sent to Plaintiff's representative, Mr. Bushlow has represented to this Court that neither he nor Plaintiff received the notice until the SSA filed it in this case. (Dkt. 17.) Given the diligence evident in Mr. Bushlow's efforts to obtain the Notice of Award letter (*see* Dkt. 17), the Court accepts Mr. Bushlow's representation and finds that the present motion was timely filed.

**II.     Reasonableness of the Requested Fee**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled."

---

[3] The SSA insists, in this case and others, that the 14-day filing period runs from when the claimant—not counsel—receives notice of the benefits award. (*See* Dkt. 16.) As this Court has repeatedly discussed, *Sinkler* contains two sentences that are apparently contradictory, at least in cases where the claimant and counsel receive notice on different dates—one stating that the 14-day filing period runs from when the *claimant* receives notice, and one stating that the 14-day filing period runs from when *counsel* receives notice. Despite the SSA's insistence, this Court and others have repeatedly concluded that "starting the 14-day period when *counsel* receives notice of the benefit award is more consistent with *Sinkler*'s logic, because until counsel receives notice of the award, the amount of the award remains 'as-yet-unknown' to the relevant party filing the § 406(b) motion." *Hanlon v. Comm'r of Soc. Sec.*, No. 18-CV-7090 (PKC), 2022 WL 103640, at *2 (E.D.N.Y. Jan. 11, 2022); *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (collecting cases). In this case, however, there is no distinction. Mr. Bushlow has represented to this Court that he and Plaintiff received the notice on the same day—the day that the SSA filed the notice in this case. (Dkt. 17.)

42 U.S.C. § 406(b).  The Second Circuit has held that a court's determination of whether fees requested under § 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (ii) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *see also Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (same).  In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour,* 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

The courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.  *Rowell v. Astrue*, 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)).  In addition, "[a]lthough the reviewing

4

court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Here, Plaintiff retained Mr. Bushlow pursuant to a 25% contingency-fee agreement. (Dkt. 14-1 at ECF 6–7.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Twenty-five percent of the past-due benefits in this case would be $26,289.75. (Dkt. 16-1.) Mr. Bushlow has already received $5,150 for his work before the SSA. (Dkt. 14-1 ¶ 5.) To receive a full 25% of past-due benefits, Mr. Bushlow would thus need to seek an additional $21,139.75. Mr. Bushlow, however, acknowledges that he spent exactly 20 hours on this case before this Court and, "in order to bring the legal fee in line with his usual and customary lodestar rate of $500 per hour," does not seek $21,139.75, but $10,000. (Dkt. 14-2 at 5.) He also acknowledges that, upon receiving a § 406(b) award, he will remit the $4,500 received pursuant to the EAJA to Plaintiff. (Dkt. 14-1 ¶ 8.)

The Court finds that a § 406(b) award of $10,000 is eminently reasonable in this case and commends Mr. Bushlow for not attempting to seek fees beyond his usual and customary rate in order to obtain the statutory maximum. Specifically, the Court finds that the requested amount, combined with the fees received for work before the SSA, is well below the statutory maximum of 25% of Plaintiff's past-due benefits; 20 hours was a reasonable amount of time to spend

5

litigating this matter before this Court;[4] $500 is a reasonable effective hourly rate;[5] and the total fees received will not be a windfall to Mr. Bushlow, but will achieve the policy goal of incentivizing counsel to assist claimants in their social security appeals, *Devenish v. Astrue*, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) ("[A]n award . . . amounting to an hourly rate of $350 . . . satisfies the underlying policy goal of ensuring that claimants have qualified counsel in their social security appeals.").

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and attorney Alan L. Bushlow is awarded $10,000. Upon receipt of this award from the government, Mr. Bushlow shall promptly refund Plaintiff $4,500, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 18, 2022
  Brooklyn, New York

---

[4] *See, e.g.*, *Epstein v. Comm'r of Soc. Sec.*, No. 19-CV-3624 (PKC), 2021 WL 1998745, at *3 (E.D.N.Y. May 19, 2021) ("32.6 hours is a reasonable amount of time to work on a social security case in this Court."); *Collins v. Saul*, No. 16-CV-6673 (PKC), 2020 WL 4676353, at *2 (E.D.N.Y. Aug. 11, 2020) (24.5 hours); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *1 (E.D.N.Y. Nov. 18, 2019) (29.4 hours); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *1 (E.D.N.Y. June 26, 2019) (32.5 hours); *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *1 (E.D.N.Y. May 28, 2019) (34.9 hours); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (39.5 hours); *Colon v. Berryhill*, No. 15-CV-06314 (PKC), 2018 WL 1730335, at *1 (E.D.N.Y. Apr. 9, 2018) (21.8 hours); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018) (21.1 hours).

[5] *See, e.g.*, *Diberardino*, 2020 WL 6746828, at *5 (reducing an effective hourly rate of $642.29 to $500); *Sweda*, 2019 WL 2289221 *3 (reducing an effective hourly rate of $675 to $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (reducing an effective hourly rate of $710.66 to $500).